## Star Diamond of India v Sino-Am. Cultural Ctr. LLC

2025 NY Slip Op 30390(U)

January 31, 2025

Supreme Court, New York County

Docket Number: Index No. 157273/2018

Judge: Arlene P. Bluth

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:  **HON. ARLENE P. BLUTH**      PART             14

*Justice*

------------------------------------------------------------------------------X

STAR DIAMOND OF INDIA D/B/A STRIP HOUSE

               Plaintiff,

       - v -

SINO-AMERICAN CULTURAL CENTER LLC,

               Defendant.

------------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 157273/2018 |
| MOTION DATE | 01/29/2025 |
| MOTION SEQ. NO. | 004 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 004) 106, 107, 108, 109, 110, 113, 114, 115, 116, 117

were read on this motion to/for        VACATE/STRIKE - NOTE OF ISSUE      .

Defendant's motion to *inter alia* strike the note of issue is denied.

**Background**

This action concerns plaintiff's allegations that defendant (the owner of building in which plaintiff is a tenant) erected a sidewalk shed that harmed plaintiff's restaurant. Defendant filed the instant motion to strike the note of issue on the ground that plaintiff had failed to produce a declaration from an authorized custodian in support of its production of a gross sales report. Defendant admits that plaintiff sent such an affidavit on November 21, 2023 but that it was clearly a draft and unsigned. It complains that the affidavit was also missing critical information. Defendant's counsel contends he raised these concerns in an email to plaintiff's counsel on December 5, 2023 but that he never received a response.

In opposition to the motion, plaintiff attaches a revised discovery affidavit that it claims renders the motion as moot.

**157273/2018   STAR DIAMOND OF INDIA vs. SINO-AMERICAN CULTURAL**
**Motion No.  004**

**Page 1 of 4**

1 of 4

Defendant, in its reply, acknowledges that it has finally received an executed affidavit that addressed all of the issues previously raised in prior conversations between the parties. It withdraws the portion of the motion regarding discovery but insists on pursuing the sanctions portion of its motion. Defendant contends it is entitled to an award of costs and fees based on plaintiff's purportedly frivolous conduct.

**Discussion**

The Court denies the remaining portion of the motion for sanctions. The docket in this matter clearly demonstrates that no such award is appropriate here – defendant's continued request, even after plaintiff produced the affidavit, is baffling. In November 2023, both parties uploaded letters indicating that this case was ready for a note of issue to be filed (NYSCEF Doc. Nos. 101 and 102). Defendant pointed out that it was still waiting on the aforementioned affidavit but that it nevertheless agreed that the action was ready to be put on the trial calendar (NYSCEF Doc. No. 102).

The Court then issued an order on November 9, 2023 that set a December 8, 2023 deadline to file the note of issue (NYSCEF Doc. No. 103). This deadline took into account defendant's contention that the subject affidavit was due sometime in mid-November 2023. However, neither party did anything (at least according to the NYSCEF docket) following that order for an entire year. The parties ignored the Court's deadline to file the note of issue and defendant did not do anything concerning the apparently outstanding affidavit. For instance, defendant did not make a motion to compel.

Defendant's affirmation in support is wholly silent about what occurred during this time period. The record suggests that both parties completely forgot about this case until the Court issued a Court notice on December 5, 2024 observing that the parties had failed to file a note of

**157273/2018   STAR DIAMOND OF INDIA vs. SINO-AMERICAN CULTURAL**
**Motion No.  004**

**Page 2 of 4**

[* 2]

issue by the prior Court deadline in December *2023* (NYSCEF Doc. No. 104). The Court then directed the parties to either 1) file the note of issue by December 31, 2024, 2) tell the Court if the case had settled or 3) upload a stipulation or letters discussing what discovery remained (*id.*).

Despite the fact that defendant was still awaiting the production of a revised affidavit, it did nothing in response to the notice. It did not, for instance, even e-file a letter complaining about the missing discovery. Plaintiff, following this Court's directive, filed the note of issue on December 27, 2024 and this motion followed.

To be sure, plaintiff should have absolutely turned over a signed and sufficient affidavit a long time ago. But, in this Court's view, sanctions are only appropriate where a party blatantly and repeatedly ignored a clear court order. For some reason, defendant never sought timely relief from this Court about the affidavit following the mid-November 2023 deadline for plaintiff to send a sufficient affidavit. As noted above, defendant claims that plaintiff did not respond to a December 5, 2023 email about this affidavit and the next time defendant apparently raised the affidavit issue with plaintiff was following the December 5, 2024 Court notice (NYSCEF Doc. No. 107, ¶¶ 14, 16 [defendant's affirmation in support]).

This is not a situation in which a party ignored multiple court orders and forced defendant to make motion after motion for discovery. Instead, it seems that both plaintiff and defendant stopped working on this case for a year and only started focusing on it again once the Court set a new deadline. That does not constitute sanctionable conduct by plaintiff. The fact is that defendant did nothing concerning what it now claims is essential information. Defendant seemingly had little interest concerning this information for over a year and only started accusing plaintiff of sanctionable conduct because the Court sent out the December 2024 court notice. Had the Court not inquired regarding the status of the case, one wonders how long this case

**157273/2018 STAR DIAMOND OF INDIA vs. SINO-AMERICAN CULTURAL**
**Motion No. 004**

**Page 3 of 4**

3 of 4

would have lingered? While plaintiff's belated disclosure is hardly an example of exemplary conduct, it is not close to frivolous under these circumstances given defendant's failure to timely pursue this discovery.

Accordingly, it is hereby

ORDERED that the defendant's motion is denied in its entirety.

_____1/31/2025_____
DATE

_____
ARLENE P. BLUTH, J.S.C.

| CHECK ONE: | | CASE DISPOSED | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|
| | | GRANTED | X DENIED | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | | REFERENCE |

**157273/2018   STAR DIAMOND OF INDIA vs. SINO-AMERICAN CULTURAL**
**Motion No.  004**

Page 4 of 4

4 of 4